**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| JIANKANG BU,<br><br>Plaintiff,<br><br>v.<br><br>IDEAL POWER INC.,<br><br>Defendant. | No. 1:26-cv-01557-RP<br><br>Honorable Robert Pitman |

**[PROPOSED] ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Before the Court is Defendant Ideal Power Inc.'s Motion to Dismiss the Second Amended Complaint and Supporting Memorandum of Law (the "Motion"), filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. The Court has considered the Motion, all supporting papers, and the applicable law.

Plaintiff Jiankang Bu, proceeding pro se, filed his Complaint on June 9, 2026 (Dkt. 1). Defendant filed a prior motion to dismiss (Dkt. 10), and Plaintiff filed a First Amended Complaint on September 3, 2026 (Dkt. 15). Pursuant to the Court's September 16, 2026, order, Plaintiff filed the Second Amended Complaint (the "SAC") (Dkt. 19).

The SAC asserts only claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, based on six categories of alleged misstatements: B-TRAN, SymCool IQ, Technology A/B, Visual Image, CEO Retirement, and Commercial Shipment.

Having reviewed and considered the Motion, the SAC, the pleadings, and the relevant legal authorities, the Court finds that the Motion should be **GRANTED** for the reasons set forth below.

The Court finds as follows:

1. **Failure to Plead Reliance.** Plaintiff fails to plead reliance as to any of the six claims. As Ideal Power's former Chief Technology Officer, Bu alleges extensive personal knowledge of the matters he contends were misrepresented, including the underlying testing, product development, and shipment issues. Several challenged statements post-date his receipt of the RSUs or his sale of shares, so he could not have relied on those statements in acquiring or selling the shares. The RSU vestings were compensation grants, not volitional market transactions, and therefore do not support the fraud-on-the-market presumption. Bu's own allegations thus foreclose any plausible inference of actual or presumed reliance.

2. **Failure to Plead Loss Causation**. Plaintiff fails to plead loss causation under *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), as to any of the six claims. The SAC identifies no actual corrective disclosure that revealed the alleged fraud to the market. The information Plaintiff identifies in the August 14, 2024 Form 10-Q was already public and therefore was not corrective. Bu sold his shares between August 18 and August 26, 2025. Absent a corrective disclosure—partial or otherwise—Bu cannot establish a market disclosure corrected for alleged inflation to the share price caused his alleged loss. In addition, the RSUs were acquired at zero cost, defeating any cognizable loss theory.

3. **Time-Barred Under 28 U.S.C. § 1658(b)**. The SymCool IQ, Technology A/B, and Commercial Shipment claims are time-barred. The SymCool IQ claim was barred as of September 28, 2025; the Technology A/B claim was barred as of November 2023; and the Commercial Shipment claim was barred as of February 20, 2026. Bu's allegations establish that, as CTO, he knew the facts underlying each claim more than two years before filing suit.

4. **Lack of Standing and Failure to Satisfy Purchaser-Seller Requirement**. Plaintiff lacks standing to assert the Visual Image and CEO Retirement claims under Section 10(b) and Rule 10b-5. The Visual Image claim is based on a May 19, 2026 article, and the CEO

Retirement claim is based on a November 13, 2025 statement. Bu held no Ideal Power shares after August 26, 2025, so he neither owned nor purchased or sold securities in connection with those challenged statements. The claims therefore fail the purchaser-seller requirement recognized in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975).

**5. Failure to Allege Actionable Misstatements**. The SAC fails to identify actionable misstatements with the particularity required by the PSLRA. The B-TRAN claim improperly equates "0 die failures" with packaging failures, despite the distinction between the die and its packaging. The SymCool IQ claim ignores the Company's disclosed meaning of "product launch," which described the beginning of a design, prototyping, testing, and customer-feedback process; its generalized statements regarding product advantages are non-actionable puffery, and its forward-looking product-capability statements are protected by the PSLRA safe harbor, 15 U.S.C. § 78u-5(c). The Technology A/B claim lacks particularity, and later testing does not establish that earlier statements were false when made. The Commercial Shipment claim is consistent with the Company's disclosed prototype and product-development framework.

**6. Failure to Plead Scienter**. The SAC fails to plead a strong inference of scienter under *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), as to any claim. The B-TRAN allegations indicate that Bu attributed failures to packaging, not the die, and did not inform management otherwise; the SymCool IQ allegations describe ordinary product-development discussions rather than fraudulent intent; the Technology A/B allegations identify no individual's state of mind and rely on generic assertions about "management"; and the Commercial Shipment allegations are consistent with the disclosed multi-step process for testing prototypes before full commercial release. The Visual Image and CEO Retirement allegations likewise do not supply particularized facts supporting scienter.

**7. PSLRA Particularity**. The Visual Image and CEO Retirement claims violate 15 U.S.C. § 78u-4(b)(1) because they expressly reserve material facts for discovery, including the provenance of the Visual Image and facts concerning the CEO Retirement statement. A complaint cannot defer the required who, what, when, where, and why allegations until discovery.

8. **Damages Theory Fails**. Plaintiff's damages theory fails under Dura *Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). The SAC values the RSUs at $223,618 and subtracts sale proceeds of approximately $93,093.34, but the RSUs were acquired at zero cost, so the sale proceeds reflect a gain rather than a cognizable securities-fraud loss. Alleged reputational harm is not recoverable under Section 10(b) and Rule 10b-5 and cannot substitute for economic loss.

9. **Amendment Would Be Futile**. Plaintiff has amended twice, yet the SAC repeats or confirms the defects described above. The deficiencies are substantive and incurable, including the absence of reliance, loss causation, standing, actionable misstatements, scienter, and cognizable damages. Dismissal with prejudice is therefore appropriate, and leave to amend is denied as futile.

Based on the foregoing, and for good cause shown,

**IT IS HEREBY ORDERED** that Defendant Ideal Power Inc.'s Motion to Dismiss the Second Amended Complaint and Supporting Memorandum of Law is **GRANTED**.

**IT IS FURTHER ORDERED** that all Section 10(b) and Rule 10b-5 claims asserted in the SAC (Claims 1–6) by Plaintiff Jiankang Bu against Defendant Ideal Power Inc. are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that leave to amend is **DENIED** as futile because the deficiencies in the SAC are incurable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case.

**SIGNED this _____ day of __________________, 2026.**

______________________________________

THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE